UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW PROCESS STEEL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-98-4075 |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. #101), and Plaintiff's Motion to Compel Production of Documents, Interrogatory Responses, and Deposition Testimony (Doc. #102).

Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED** based on Plaintiff's representation that the amended complaint does not seek recovery of additional damages. While the Second Amended Complaint does add the terms "additional processing costs" and "yield loss" to the damages allegations, the Court understands these terms to be re-categorizations of damages that were sought in the First Amended Complaint. Because the total amount of damages alleged has not changed, the Court finds that there is no prejudice to the Defendant and thus grants Plaintiff leave to file its Second Amended Complaint.

Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. The motion is DENIED as to those requests for general information and/or internal information regarding the merger between Union Pacific Railroad Company and Southern Pacific Transportation Company. Such information is not relevant to Defendant's alleged liability under

the Carmack Amendment, nor is it relevant to Plaintiff's alleged failure to mitigate damages. Therefore:

- Plaintiff's motion to compel responses to Numbers 8 and 9 of Plaintiff's First Request for Production is DENIED;

- Plaintiff's motion to compel responses to Numbers 7, 8, 9, 13, 14, 15, 16, and 19 of Plaintiff's Second Request for Production is DENIED;

- Plaintiff's motion to compel responses to Numbers 4, 5, 6, 11, 12, 13, 14, and 15 of Plaintiff's First Set of Interrogatories is DENIED;

- Plaintiff's motion to compel Defendant to provide a corporate representative to testify on the last eleven deposition categories contained in Plaintiff's Amended Notice of Deposition of Union Pacific Railroad Company's Corporate Representative is DENIED.

However, Plaintiff's Motion to Compel is GRANTED as to any "service-related" public statements, reports, press-releases, etc. made by Union Pacific Railroad Company in the relevant time-frame following the merger. Such information is relevant to Plaintiff's alleged failure to mitigate damages. Thus:

- Plaintiff's motion to compel responses to Numbers 20, 21, 22, and 23 of Plaintiff's Second Request for Production is GRANTED, however the Court limits the scope of "customer communications" as used on these Requests to include only public, service-related communications;

- Plaintiff's motion to compel responses to Numbers 7 and 8 of Plaintiff's First Set of Interrogatories is GRANTED.

Defendant is ordered to produce such documents within 10 days of this Order.

**IT IS SO ORDERED**.

**SIGNED** this 4th day of October, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**